Scott, J. The indictment in this case is technically good under the statute upon which it is predicated. It describes the offence with which the defendant was charged with sufficient oertainty. It was not necessary to allege in, terms that the defendant’s license or credentials of clerical character had been previously recorded. It was sufficient to allege that he was _ authorized by law to solemnize the rites of matrimony in this State, as was done. Neither was it necessary to set out the names of the parents whose consent had not been obtained; it was sufficient on that point to allege, as was done, that the marriage had been solemnized without the consent of the parents, and that the parents resided in the State of Arkansas. If the parents resided in the State of Arkansas the defendant was bound, at his peril, to ascertain and know who they were and that their consent had been obtained before he solemnized the marriage. And being an ordained minister of a Christian denomination, his assuming to solemnize marriage as such must raise the presumption that he had had his credentials previously recorded, as, otherwise, he must be presumed to have committed another misdemeanor, which the law would not do. And as the court below quashed the indictment its judgment must be reversed, and the case remanded to be proceeded in.